# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| DARNEATRYCE J. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 81 |
| | ) | |
| INDIANA DEVELOPMENTAL | ) | |
| TRAINING CENTER OF LAFAYETTE | ) | |
| LLC d/b/a T.C. HARRIS SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

In her amended complaint, plaintiff alleges that she was discriminated against during and improperly terminated from her employment with defendant, Indiana Developmental Training Center of Lafayette LLC (doing business as T.C. Harris School) in May 2017. (DE # 14.) Specifically, plaintiff articulates several claims against defendant: race and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.* ("Title VII"), whistleblower protection under Ind. Code § 22-5-3-3, and retaliatory discharge under *Frampton v. Central Ind. Gas Co.,* 260 Ind. 249, 252 (1973).

Defendant has moved to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (DE # 38.) In this motion, defendant attacks each claim for plaintiff's failure to allege certain additional facts relating to the specifics of the claim. These arguments are unfounded, and some are premature. Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus* , 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Further, the Seventh Circuit has clearly and specifically stated that a plaintiff alleging employment discrimination "may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), the Seventh Circuit held that the plaintiff's discrimination complaint satisfied Rule 8 because it identified the type of discrimination the plaintiff thought occurred (racial), by whom (a bank), and when (in connection with her efforts to obtain a home equity loan). *Id.* at 405. According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Id.* Under *Swanson,* a plaintiff alleging discrimination need only allege "how, in the plaintiff's mind at least, the dots should be connected." *Id.* at 405.

In this case, plaintiff has alleged facts sufficient to satisfy Rule 8 and *Swanson*. Specifically, plaintiff has alleged that she was discriminated against and ultimately terminated on the basis of her race, age, and status as whistleblower by defendant in May 2017. This was "all that was needed to put in the complaint." *Swanson,* 614 F.3d at 405. Accordingly, defendant's motion to dismiss (DE # 18) is **DENIED.** A previous version of the same motion (DE # 6) is **DENIED as moot.**

**SO ORDERED.**

Date: September 25, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT